RAINES FELDMAN LLP
Sonia Y. Lee (Bar No. 191837)
    slee@raineslaw.com
Paul A. Kroeger (Bar No. 229074)
    pkroeger@raineslaw.com
9720 Wilshire Boulevard, 5th Floor
Beverly Hills, California 90212
Telephone: (310) 440-4100
Facsimile: (310) 691-1943

Attorneys for Defendants JASON ADELMAN
AND AFFINITY GLOBAL INSURANCE SERVICES

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>C.M. MEIERS COMPANY, INC.,<br><br>Debtor. | Case No.: 1:12-bk-10229-MT<br><br>Chapter 11<br><br>Adv. No. 1:12-ap-01118 |
| BTJ INSURANCE SERVICES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>HERBERT ROTHMAN, ERIC ROTHMAN, JASON ADELMAN, AFFINTIY GLOBAL INSURANCE SERVICES, DOES 1 through 10,<br><br>Defendants. | ***EX PARTE* APPLICATION TO QUASH SERVICE OF SUBPOENA TO THIRD PARTY CALIFORNIA STATE UNIVERSITY OF NORTHRIDGE SERVED BY THE TRUSTEE, OR, IN THE ALTERNATIVE, AN ORDER FOR PROTECTIVE ORDER**<br><br>**[Application for Order Shortening Time, Declaration of Sonia Y. Lee and Exhibits thereto, and (Proposed) Order filed concurrently herewith]**<br><br>Date:    TBD by Court<br>Time:    TBD by Court<br>Crtrm:   302 |

*EX PARTE* APPLICATION TO QUASH SUBPOENA ON CSUN

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Please take notice that defendant Jason Adelman will and hereby does apply *ex parte* for an order quashing the subpoena in the adversary proceeding issued by the Trustee to the Custodian of Records of California State University of Northridge ("CSUN"), in support of the Trustee's joinder to the application for preliminary injunction filed by plaintiff BTJ Insurance Services, LLC, on behalf of Liberty Insurance Services (collectively, "Liberty"), or, in the alternative, for issuance of a protective order prohibiting production of any such information or documents.

The application is being brought under *Federal Rules of Civil Procedure* Rule 26, *Federal Rules of Evidence* Rule 501, and California *Code of Civil Procedure* Section 1985.3 on the grounds that: (1) the subpoena requires production of documents and information wholly irrelevant to any issue in connection with the preliminary injunction proceeding; (2) the subpoena fails to comply with the procedure for seeking consumer records of Mr. Adelman; and (3) the subpoena was served for the sole purpose to annoy, harass and to embarrass Mr. Adelman.

This application is based upon this application, the memorandum of points and authorities, and Declaration of Sonia Y. Lee and exhibits thereto, all of the documents filed in this case, any matters which the Court may or must take judicial notice, and any other oral or documentary evidence submitted to the Court at or prior to the hearing on this matter.

Dated: May 7, 2012    RAINES FELDMAN, LLP

By:    */s/ Sonia Y. Lee*
　　　　SONIA Y. LEE
Attorneys for Defendants
Affinity Global Insurance Services and Jason Adelman

## I. INTRODUCTION

The *only* issues before this Court at this present time are whether a preliminary injunction should issue because:

(1) Liberty is likely to succeed on the merits of its claim that defendants Herbert Rothman, Eric Rothman (collectively, the "Rothmans"), Affinity Global Insurance Services and Jason Adelman (collectively, "Affinity") misappropriated any trade secrets allegedly belonging to C.M. Meiers Company, Inc. ("CMM") and used the same to unfairly solicit clients allegedly belonging to CMM; and

(2) Liberty will suffer irreparable harm if the injunction should not issue.

After nearly a month during which a number of days of evidentiary hearings were held, on Friday, May 4, 2012, the Trustee served a subpoena to the Custodian of Records for CSUN in support of his Joinder to the Application for Preliminary Injunction filed by Liberty. The Subpoena seeks "[a]ll admissions records pertaining to Jason Michael Adelman, and proof of commencement (or declaration re no records re commencement, conferring of degree)." (Lee Decl., Ex. A.) The date of production required under the subpoena is Friday, May 11, 2012, at 8:00 a.m., only 5 business days after service of the subpoena. (*Id.*)

Recognizing that he must comply with the "consumer" notice requirement under California law, at approximately 3:00 p.m. on Friday, May 4, 2012, the Trustee's counsel purported to serve Mr. Adelman with an untimely and defective Notice to Consumers under *Code of Civil Procedure* Sections 1985.3 and 1985.6 advising Mr. Adelman that he must provide any objections to the production of such consumer records within 5 days prior to the date of the production – in other words, by Sunday, May 6, 2012, 2 days after service of the notice. (Lee Decl., Ex. B.)

Not only is the timing for seeking such documents in complete violation of the applicable rules, Mr. Adelman's academic history is ***wholly irrelevant*** to any issue in this proceeding (or, for that matter, any issue in the action). The only reason the Trustee seeks

1 these irrelevant documents is to annoy, vex and to embarrass Mr. Adelman and to distract
2 from the real issues in this proceeding, which Liberty has yet to provide any evidence in
3 support thereof.
4     A reporter from the Insurance Journal, the leading publication in the insurance
5 industry, has been attending each and every day of the evidentiary hearing on the preliminary
6 injunction. The Journal has already published two articles regarding the testimony given in
7 the case and the course of the proceeding. (Lee Decl., Ex. C.) It is clear that the Trustee is
8 seeking to use the information from CSUN in an effort to further tarnish and harm the
9 reputation and goodwill of Affinity.
10     In point of fact, the negative publicity and adverse effect on the defendants' business
11 was the *sole purpose* of Liberty's application for interim relief because, having waited
12 months to file any complaint or application for emergency relief, it is certainly clear that
13 Liberty has suffered no "irreparable" harm and will not suffer any "irreparable" harm.
14     The evidentiary hearing has gone on far too long. Permitting these types of side-show
15 theatrics will make an already over-long evidentiary hearing interminable. To short circuit
16 the process, Mr. Adelman is willing to stipulate that he did not receive a degree from CSUN.
17 As to why or how he did not receive a degree from CSUN, his academic performance, or
18 anything related to his attendance at CSUN is a gross violation of his right of privacy, has no
19 connection to any issue in this case, and should not be permitted to be discovered or
20 introduced in this proceeding.
21     The subpoena to the custodian of records of CSUN should be quashed in its entirety
22 or, alternatively, the Court should issue a protective order prohibiting the production of any
23 such documents.
24 **II.    THE SUBPOENA SHOULD BE QUASHED BECAUSE IT SEEKS**
25        **IRRELEVANT DOCUMENTS AND INFORMATION.**
26     Each party has the right to discover nonprivileged information "relevant to any party's
27 claim or defense—including the existence, description, nature, custody, condition, and
28

location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. Proc. 26(b)(1).

Although "relevant to the subject matter" is interpreted broadly, it is not available as a matter of right. Matters that are merely "relevant to the subject matter" are discoverable only with leave of court for "good cause" shown. *Id.*; *Hickman v. Taylor*, 329 U.S. 495, 506–507, 67 S.Ct. 385, 391 (1947) (Information is "relevant to the subject matter" if it might reasonably assist a party in evaluating the case, preparing for trial or facilitating settlement thereof). Indeed, discovery should be denied where the information sought is simply too remote to any matter involved in the case: "(T)he standard of relevancy is not so liberal as to allow a party to . . . explore matter which does not presently appear germane on the theory that it might conceivably become so." *Food Lion, Inc. v. United Food & Comm'l Workers Int'l Union, AFL–CIO–CLC*, 103 F.3d 1007, 1012–1013 (DC Cir. 1997); *Mack v. Great Atlantic & Pac. Tea Co.*, 871 F.2d 179, 187 (1st Cir. 1989).

As set forth above, the only issues before this Court is whether the defendants misappropriated any trade secrets purportedly belonging to CMM – which were ostensibly sold to Liberty – and whether the defendants used the same to solicit customers purportedly belonging to CMM – which were also claimed to have been sold to Liberty.

Mr. Adelman's academic history is irrelevant to any such issues. To the extent that the Trustee seeks to use such information to test Mr. Adelman's credibility, *e.g.*, presumably whether he graduated from CSUN, assuming that such information is relevant to his credibility – which it is not, Mr. Adelman will readily stipulate that, although he attended CSUN for some time, he did not receive any degree from the school. Any other issues relating to his attendance at the school are not relevant to any matter in this action or the preliminary injunction proceeding, and the Trustee is not entitled to discovery of any such information.

## III. THE COURT SHOULD QUASH THE SUBPOENA OR, ALTERNATIVELY, ISSUE A PROTECTIVE ORDER PROHIBITING THE PRODUCTION OF SUCH CONFIDENTIAL AND PRIVATE INFORMATION.

Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. *Johnson by Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992); *DeMasi v. Weiss,* 669 F.2d 114, 119–120 (3rd Cir. 1982).

When privacy issues are raised, the courts must balance the need for the information against the claimed privacy right. *Ragge v. MCA/Universal Studios*, 165 FRD 601, 604 (CD CA 1995). Where state law supplies the rule of decision (e.g., diversity actions), privacy claims are determined under applicable state law. Fed. R. Evid. 501; *Oakes v. Halvorsen Marine Ltd.*, 179 FRD 281, 284 (CD CA 1998).

Here, the only claims asserted by Liberty in the adversary action – and for which the preliminary injunction is sought – are all state claims, arising out of California law, to wit, California common law unfair competition, unfair competition under California *Business and Professions Code* Sections 17200 et. seq., misappropriation of trade secrets under California UTSA, California common law intentional interference with contractual relations, and California common law intentional interference with prospective economic advantage.

California recognizes a right of privacy as to certain personal information. *See* Cal. Code Civ. Proc. 1985.3. For that specific reason, California has enacted an entire procedure for seeking such private information.

"Personal records" specifically includes "records or electronic data pertaining to a "consumer" (below) maintained by a "[p]ublic or private school." Code Civ. Proc. § 1985.3(a)(1). Special procedures are required when the "personal records" of a "consumer" are subpoenaed from a nonparty. Code Civ. Proc. § 1985.3. These procedures are designed to protect that person's *right of privacy* and to ensure an opportunity to challenge the subpoena (by motion to quash, etc.) before the documents are produced. *See* Code Civ. Proc. § 1985.3(e). Such procedures are as follows:

*First*, the following documents must be served on the "consumer" (the person to whom the records relate):

- Copy of subpoena duces tecum (directed to records custodian);
- Proof of service; and
- Notice of privacy rights. Code Civ. Proc. § 1985.3(b),(e).

*Second*, such documents *must* be served on the "consumer" *at least 10 days before the date set for production of the records* and *at least 5 days before service on the records custodian*. Code Civ. Proc. § 1985.3 (b)(2). These deadlines can only be shortened on court order for good cause. Code Civ. Proc. § 1985.6(g).

*Third*, the following must be served on the records custodian:

- Copy of subpoena duces tecum; and
- Proof that "consumer" notified. Code Civ. Proc. § 1985.3(c).

The records custodian must be served with such documents at least 5 days *after* the consumer was served with a copy of the subpoena and notice of privacy rights and "in sufficient time to allow . . . a reasonable time . . . to locate and produce the records or copies thereof." Code Civ. Proc. § 1985.3(d). "Reasonable time" means the date set for production may be *no sooner* than 15 days after the subpoena was served or 20 days after it was issued, whichever is later. *See* Code Civ. Proc. § 1985.3(d).

None of these requirements were met.

Whenever production is sought from a nonparty (*e.g*., custodian of records) via subpoena for "personal records" of a "consumer," any time before the production date, a consumer whose records are sought, and who is a party to the action in which the subpoena is served, may file a motion under *Code of Civil Procedure* Section 1987.1 to quash or modify the subpoena.

Although acknowledging that the procedures of *Code of Civil Procedure* Section 1985.3 must be followed by serving the Notice to Consumer, the Trustee has failed to comply with the requirements thereof and the Subpoena must be quashed for this additional reason.

## IV. THE COURT SHOULD ISSUE A PROTECTIVE ORDER BECAUSE THERE IS NO "COMPELLING REASON" FOR THEIR PRODUCTION.

When privacy rights are involved, such rights should be infringed only where compelling public interest is involved. *See*, *Ragge v. MCA/Universal Studios*, 165 FRD 601, 604 (CD CA 1995); *Perry v. State Farm Fire & Cas. Co.,* 734 F2d 1441, 1447 (11th Cir. 1984) (courts should balance the need for the particular information against the privacy right asserted); *Rubin v. Regents of Univ. of Calif.*, 114 FRD 1, 2 (ND CA 1986).

Here, there is no interest, much less a "compelling public interest," for infringing on Mr. Adelman's privacy rights (particularly since Mr. Adelman is willing to stipulate that he did not earn any degree from CSUN). The only reason for the information sought is to annoy and to embarrass Mr. Adelman based upon his academic history more than a decade ago, and to provide additional fodder for the negative public relations campaign being waged against Affinity.

## V. CONCLUSION

For the foregoing reasons, Mr. Adelman respectfully requests that the Court quash the Subpoena issued to the custodian of records at CSUN in its entirety or, in the alternative, issue a protective order prohibiting the production of any such information of documents.

Dated: May 7, 2012                    RAINES FELDMAN, LLP


By:    */s/ Sonia Y. Lee*
          SONIA Y. LEE
Attorneys for Defendants
Affinity Global Insurance Services and Jason Adelman