FILED & ENTERED

NOV 14 2012

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY harraway DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>C.M. Meiers Company, Inc.<br><br><br>Debtor(s).<br><br>———————————————<br><br>BTJ Insurance Services, LLC<br><br>Plaintiff(s),<br>v.<br><br>Jason Adelman, Jason Adelman, Affinity Global ET AL, Affinity Global Insurance Services, Herbert Rothman, Eric Rothman, Eric Rothman, Herbert Rothman, Rebecca Rothman<br><br><br>Defendant(s). | CHAPTER 11<br><br>Case No.:  1:12-bk-10229-MT<br>Adv No:   1:12-ap-01118-MT<br><br>**NOTICE OF TENTATIVE RULING RE MOTION TO (1) STRIKE AND / OR, IN THE ALTERNATIVE, (2) DISMISS COUNTER CLAIM OF AFFINITY GLOBAL INSURANCE SERIVCES, HCF INSURANCE SERVICES, INC., AND JASON ADELMAN**<br><br>Date:        November 8, 2012<br>Time:       1:00 p.m.<br>Courtroom: 21041 Burbank Blvd., CTRM 302<br>                    Woodland Hills, CA 91367 |

//

-1-

1  At the above date and time, the Court held a hearing on the NOTICE OF
2 TENTATIVE RULING RE MOTION TO (1) STRIKE AND / OR, IN THE ALTERNATIVE,
3 (2) DISMISS COUNTER CLAIM OF AFFINITY GLOBAL INSURANCE SERIVCES, HCF
4 INSURANCE SERVICES, INC., AND JASON ADELMAN (the "Motion"), filed by the
5
6 counter-defendants.  Appearances are as noted on the record for the hearing.  At the
7 hearing, the Court adopted its tentative ruling on the Motion.  A copy of the Court's
8 tentative ruling is attached to this cover page.
9 //
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

On April 5, 2012, BTJ Insurance Services, LLC filed an adversary complaint (the "Complaint") against Herbert Rothman ("Herbert"), Eric Rothman ("Eric"), Jason Adelman ("Adelman"), and Affinity Global Insurance Services ("Affinity"). In the Compliant, BTJ alleges: 1) common law unfair competition; 2) statutory unfair competition; 3) misappropriation of trade secrets; 4) intentional interference with contractual relations; and 5) intentional interference with prospective economic advantage.

On June 1, 2012, Adelman, Affinity and HCF Insurance Services ("HCF") filed a counterclaim action against BTJ, The Liberty Company Insurance Brokers, Inc. ("Liberty"), William Johnson ("Johnson"), Thomas Leach ("Leach"), and Jerry Picket ("Picket"). They allege: 1) libel; 2) slander; 3) common law unfair competition; 4) statutory unfair competition; and 5) tortuous interference with prospective business advantage. Adelman, Affinity and HCF allege the Court has jurisdiction to enter a final judgment under section § 157(b)(2)(O) of Title 28.

On June 1, 2012, Herbert and Eric (collectively the "Rothmans") also filed a counterclaim action against the same counter-defendants listed above. The Rothmans, however, allege: 1) libel; 2) slander; 3) trade libel; 4) intentional interference with business relations; 5) intentional interference with prospective economic advantage; 6) common law unfair competition; and 7) statutory unfair competition. The Rothmans also allege the Court has jurisdiction to enter a final judgment under section § 157(b)(2)(O) of Title 28.

Both counterclaims make requests for jury trials.

**Motion to Strike and Rule 12(b)(6) Motion**

In response to the counterclaims, BTJ, Liberty, Johnson, Leach and Picket (collectively "counter-defendants") filed a Motion to Strike and or Motion to Dismiss (the "Motion"). Counter-defendants allege that the counterclaims should be stricken under the Anti-SLAPP doctrine. Counter-defendants maintain that the statements at issue were made in connection with an issue under consideration or review by a judicial or executive body. Counter-defendants also allege that the counter-complaints should be dismissed under Rule 12(b)(6) because of the litigation privilege, the defense of truth and failure to plead any wrongful conduct on the part of Johnson.

The counter-defendants did not brief the jurisdiction of this court. This ruling today makes no determinations as to the allegations raised in counter-defendants Motion as the Court lacks jurisdiction to hear the counter-complaints. The Court has jurisdiction to hear the complaint originally brought by plaintiffs solely because the remedies sought affect the recovery by the estate of the purchase price for the estate assets. The rights alleged in the original complaint are also largely governed by the asset purchase agreement and sale order entered in the bankruptcy case. The counter-complaints, however, present such remote state law claims between non-debtor or creditor parties that jurisdiction cannot be found.

**Federal Jurisdiction – § 157(b)(2)**

Section 157(b)(1) of Title 28 states: "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C. § 157(b)(1). Civil proceedings arise under Title 11 when the cause of action is

determined by a statutory provision of Title 11. <u>In re Eastport Associates</u>, 935 F.2d 1071, 1076 (9th Cir. 1991). Civil proceedings arise in a bankruptcy case if the proceeding is not created by Title 11, but it would not exist outside of Title 11. <u>Id.</u> Section 157(b)(2) provides a non-exhaustive list of core proceedings. Counter-claimants state that the Court has jurisdiction under § 157(b)(2)(O) -- that this is a proceeding affecting the "liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." 28 U.S.C. § 157(b)(2)(O).

The actions alleged in the counter-complaints are state law claims as between two non-parties. On the one hand, the Court has the following counter-claimants: 1) the debtors' prior officers and principals; 2) the disappointed bidder; and 3) the principal of the disappointed bidder. On the other side, the Court has the successful bidder from the sale of substantially all of the estate assets. Any liability possibly obtained would have no affect on the debtor or the estate.

Assuming *arguendo* that counter-claimants were successful, the counter-claims are against BTJ and related parties and not the estate. Resolution of this matter has no effect on the relationship between BTJ and the estate; the BTJ-debtor relationship is governed by the sale order and asset purchase agreement by incorporation.

Even if the parties were correct that the actions alleged in the counter-complaints affected the administration of the estate or adjustment of the debtor-creditor relationship, the exceptions within § 157(b)(2)(O) only re-emphasize the Court's lack of federal jurisdiction. Section 157(b)(2)(O) specifically excludes jurisdiction of personal injury tort or wrongful death claims. 28 U.S.C. § 157(b)(2)(O). The allegations central to the counter-complaints are slander and libel. Counter-claimants make various allegations concerning oral and written statements that allegedly caused them harm to their reputations, affected their long standing working relations, and hampered their ability to solicit clients. Slander and libel are both personal injury torts.

Personal injury has been defined as "any invasion of a personal right, including mental suffering and false imprisonment." Black's Law Dictionary (9th ed. 2009). Personal injury has also been defined as "a hurt or wrong, either to the physical body of a person, or to the reputation of a person, or to both." The Law Dictionary (2002 Anderson Publishing Co.). *See* <u>Stranz v. Ice Cream Liquidation, Inc.</u> (<u>In re Ice Cream Liquidation, Inc.</u>), 281 B.R.154, 160-61 (Bankr. D. Conn. 2002); <u>In re Smith</u>, 389 B.R. 902, 908 (Bankr. D. Nev. 2008). Here, the claims for libel and slander, which form the crux of both counter-complaints, fall squarely within the definition of personal injury as defined under § 157. *See, e.g.*, <u>Control Center, LLC v. Lauer</u>, 288 B.R. 269, 286 (M.D. Fla. 2002); <u>Unnamed Citizens v. White</u> (<u>In re White</u>), 410 B.R. 195, 203 (Bankr. W.D. Va. 2008); <u>Ice Cream Liquidation</u>, 281 B.R. at 161. Libel and slander both seek to address harm to reputation; counter-claimants seek redress for injury to their person. Thus, especially because personal injury is alleged, the Court lacks federal jurisdiction to hear this matter.

**Stern v. Marshall**

The authority of the Court to hear this matter is further constricted by the U.S. Supreme Court's decision in <u>Stern v. Marshall</u>, 131 S.Ct. 2594 (2011). <u>Stern</u> examined whether the bankruptcy court had the statutory authority under §157(b) to issue a final judgment on the debtor's counterclaim, and if so, whether conferring that authority on the bankruptcy court was constitutionally permissible. <u>Id</u>. at 2600. The Supreme Court

ruled that despite having statutory authority to rule, bankruptcy courts do not have constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim. Id. at 2620. Thus, even if the Court were to find, which it does not, that it has the statutory jurisdiction to enter a final judgment, Stern necessitates the finding that that final judgment would be reversible for lack of constitutional authority.

**"Related to" Federal Jurisdiction - § 157(c)**

Section 157(c) grants the Court the authority to enter proposed findings of fact and conclusions of law where a proceeding is not core, but otherwise related to a case under Title 11. 28 U.S.C. § 157(c). A related proceeding exists where the proceeding may affect the estate, but the proceeding does not raise a substantive right created by the bankruptcy code. Eastport Associates, at 1076-7.

"Related to" jurisdiction has generally been interpreted broadly to include jurisdiction "over all other claims that are so related to claims in the action within court's original jurisdiction that they form part of the same controversy under Article III of the United State Constitution." In re Sasson, 424 F.3d 864, 868-9 (9th Cir. 2005). Related to jurisdiction has been defined as jurisdiction over claims that share a common nucleus of operative facts over which § 1334 grants the district court original jurisdiction. Montana v. Goldin (In re Pegasus Gold Corp.), 394 F.3d 1189, 1195 (9th Cir. 2005).

The issues raised by the counter-complaints are strictly non-bankruptcy issues: 1) the estate does not stand to benefit nor is it exposed to liability by the actions; 2) the actions are between two non-parties to the bankruptcy; and 3) the actions have no affect on the extent to which counter-claimants may be liable to the estate. As discussed above, this proceeding would not affect the estate; any causes of action that may be construed as conferring related to jurisdiction are too attenuated to be adjudicated in this forum.

Even if discretionary abstention or the possibility of making proposed findings of fact and conclusions of law were jurisdictionally permissible, this is not an appropriate dispute to be heard in this Court. In fact, adjudication of the counter-complaints would only forestall resolution of the underlying bankruptcy case. The Court is unable to fully administer the estate without resolution of the issues raised in BTJ and the Chapter 11 Trustee's *complaint* – whether defendants misappropriated estate assets. Adjudication of the *counter-complaints* would only serve to delay this determination and involve the litigation in tertiary issues. Neither the estate, the debtor, nor the Chapter 11 Trustee are implicated in the counter-complaints. To adjudicate the counter-complaints would derail discovery and time from the issues core to the underlying complaint, at least in so far as the estate is concerned. Finally, resolution of the issues raised in the counter-complaint is not necessary for the Court to administer the estate. This analysis does not begin to consider the issues raised by the personal injury torts central to the counter-complaints discussed above. In other words, even if the Court were to entertain proposed findings of fact and conclusions of law, the central issues would still have to be heard in another forum. For these reasons, the Court finds that it would also abstain from hearing the actions in the counter-complaints that it may otherwise be able to hear under § 1572(c).

//
//

-5-

**Conclusion**

For the reasons stated above, the Court lacks jurisdiction to enter a final judgment under § 157(b).  To the extent the Court is found to have jurisdiction under § 157(c), the Court shall exercise permissive abstention for the reasons stated above. Both counter-complaints will be dismissed.

###

DATED: November 14, 2012

_____
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled NOTICE OF TENTATIVE RULING RE MOTION TO (1) STRIKE AND / OR, IN THE ALTERNATIVE, (2) DISMISS COUNTER CLAIM OF AFFINITY GLOBAL INSURANCE SERIVCES, HCF INSURANCE SERVICES, INC., AND JASON ADELMAN was entered on the date indicated as AEntered@ on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of November 13, 2012, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Larry W Gabriel    lgabriel@ebg-law.com
- James A Hayes    jhayes@cwlawyers.com
- Randal Ivor-smith    rivorsmith@raineslaw.com
- Lawrence M Jacobson    lmj@gfjlawfirm.com
- John C Keith    jck@vrmlaw.com
- Marcy Railsback    marcyrailsback@hotmail.com, marcy@bovinolaw.com
- Marcy Railsback    , marcy@bovinolaw.com
- Lorraine M Sarles    lorraine.sarles@alston.com
- Diane C Stanfield    diane.stanfield@alston.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

Affinity Global Insurance Services
Alston & Bird LLP
Diane C. Stanfield
333 S. Hope Street
Sixteenth Floor
Los Angeles, CA 90071

BTJ Insurance Services, LLC
21045 Califa Street
Woodland Hills, CA 91364

David N Ruben
Ruben & Sjolander
1875 Century Pk E Ste 1050
Los Angeles, CA 90067

Bradley D. Sharp (TR)
333 So. Grand Ave., Suite 4300
Los Angeles, CA 90071-1544

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9021-1.1.NOTICE.ENTERED.ORDER**

☐ Service information continued on attached page

**3.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                   **F 9021-1.1.NOTICE.ENTERED.ORDER**